[S. F. No. 1564. Department Two.—December 29, 1900.]

## ALEXANDER HERMAN, Appellant, v. PACIFIC JUTE MANUFACTURING COMPANY, Respondent.

DISMISSAL—WANT OF PROSECUTION—SHAM ANSWER—ABUSE OF DISCRETION.—It is an abuse of discretion to dismiss a case for want of prosecution on motion of a defendant, who appears without conflict to have filed a sham answer for the purpose of delay, and who admittedly has no defense to the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

William B. Sharp, for Appellant.

Wilson & Wilson, and Lloyd & Wood, for Respondent.

THE COURT.—Appeal from a judgment dismissing the case for failure of prosecution.

The suit was brought by the plaintiff as assignee to recover the amount due on a note made to plaintiff's assignor by the defendant April 20, 1881. The sole issue raised by the answer was as to the plaintiff's ownership of the note. The motion was made October, 1897, on the "records, files, and entries" in the case; from which it appears that the complaint was filed June 6th, and the answer October 31, 1883. From the affidavit of the plaintiff—besides matter in excuse of delay, which

need not be passed on—it appears in effect that the defendant had no defense to the action, and that the answer was a sham or false answer, known to be such to the defendant and its attorneys; and that it was in fact filed under a resolution of the board of directors (which is set out in the affidavit), referring to a letter of its attorneys advising that the case be allowed to go by default, but instructing him to file the answer. The attorneys referred to are the same that now represent the defendant. There was no affidavit in rebuttal.

Without discussing other questions raised by appellant, it is sufficient to say that, conceding the power of a court to dismiss a case for laches, there was an abuse of discretion in the case at bar in exercising that power in favor of a defendant who admittedly has no defense and has filed a sham answer for purposes of delay.

The judgment appealed from is reversed.