[Sac. No. 1207. Department One.—August 17, 1904.]

JOSEPH B. FERRIS, Administrator of the Estate of Pauline S. Wood, Deceased, Appellant, v. P. F. WOOD, Respondent.

DISMISSAL FOR WANT OF PROSECUTION—DELAY IN SERVICE OF SUMMONS —EXCUSE—ABUSE OF DISCRETION.—In an action upon a judgment in favor of the estate of a deceased person, a judgment of dismissal for want of prosecution, on account of delay in the service of summons of two years and one month, will be reversed for abuse of discretion where it is admitted that the judgment has never been paid, and it was shown as an excuse for the delay that an effort had been in progress between the parties to compromise the judgment, and that the plaintiff feared that the service of summons pending the negotiations would embarrass the settlement.

ID.—DISCRETION, HOW EXERCISED.—No definite or fixed rule can be laid down for the exercise of discretion in dismissing a case for want of prosecution in cases not regulated by statute; but the discretion to be exercised, under the circumstances of the particular case, is a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice.

APPEAL from a judgment of the Superior Court of Tulare County dismissing an action for want of prosecution. W. B. Wallace, Judge.

The facts are stated in the opinion.

G. W. Zartman, for Appellant.

C. L. Russell, for Respondent.

CHIPMAN, C.—The trial court granted defendant's motion to dismiss the action on the ground of unnecessary delay in serving summons. The complaint duly pleaded a former judgment between the same parties, in the same court, as the cause of action. An execution had been taken out, but was returned *nulla bona.* The summons in the present action was issued on the day the complaint was filed, and was served two years and one month thereafter. Plaintiff appeals from the judgment of dismissal.

In support of the motion the affidavit of defendant Wood

was read, in which he stated that his place of residence was then, and had been for several years, the same as that of plaintiff's attorney, and that they were well acquainted with each other, and had met frequently during the past five years, and that defendant's place of residence was also well known to plaintiff; that "during the past two years prior to the service of said summons upon affiant, affiant had conversed with said plaintiff about the matters mentioned in the complaint in this action"; that plaintiff at no time informed affiant of the commencement of this action; and that the summons was not placed in the hands of any officer for service until the day it was served. Defendant also introduced the complaint and summons in the action.

Plaintiff introduced the judgment-roll in the original action against defendant, consisting of the complaint, answer, findings, and judgment; also the execution issued on the judgment and return *nulla bona*. Plaintiff's attorney was then sworn and testified that a writ of attachment was sued out at the time summons was issued, and one reason why summons had not been served earlier was, that "it was the desire of plaintiff to hold back service and knowledge of suit from defendant to see if it was possible to discover anything on which a writ of attachment would lie." He further testified: "Shortly after this action was commenced I received a letter from the plaintiff asking me to withhold service of summons until further orders from him, as the defendant had made a proposition to him to compromise the judgment heretofore rendered against him, and plaintiff did not wish to embarrass the settlement by pushing the litigation. After several months plaintiff notified me that the compromise had fallen through, and to proceed with the suit, which I did at once." He also testified that the suit was brought upon a judgment obtained in that court, no part of which has ever been paid. The testimony of plaintiff's attorney was not contradicted or denied by defendant, but was corroborated by defendant's affidavit. This judgment imported absolute verity, and besides it appeared without conflict that no part of it had been paid.

Before the amendment of section 581 of the Code of Civil Procedure, which now makes it compulsory for the court to dismiss the action if summons is not issued within one year

and served within three years, it was within the discretion of
the court to refuse to dismiss the action no matter how long
the summons had remained without service.  It is now com-
pulsory on the court to dismiss the action when the summons
is not served within three years.  In other cases there is no
fixed rule as to the dismissal for want of prosecution (*Stanley
v. Gillen,* 119 Cal. 176), and the power to dismiss the action
on this ground is still in the discretion of the superior court,
subject to reversal for a patent abuse of such discretion.
(*First National Bank* v. *Nason,* 115 Cal. 626.)

In the case of *Eldridge* v. *Kay,* 45 Cal. 49, the action was
ejectment, and was commenced to save the statute of limita-
tions.  The summons was issued in April, 1868, and no service
until May, 1871, three years and one month, nothing appear-
ing to obstruct the service, and the defendants living all the
time near the plaintiff and easily found.  The delay was said
by this court to be "absolutely without excuse."  In *Landers*
v. *Fleming,* 47 Cal. 614, the order of dismissal was made on
the record without any showing by affidavits.  Summons
issued in October, 1870, and was served in January, 1873, a
delay of two years and two months.  The court held that a
*prima facie* case of lack of diligence was shown which cast
upon the plaintiff the duty of showing circumstances excus-
ing "his apparent tardiness in pursuing the defendant."
Courts have vainly attempted to define the discretion with
which they are endowed in such a way as to be found uni-
versally applicable.  It is exercised in so many different cases
and under so many different circumstances as to preclude the
possibility of laying down a certain guide for all cases.
"Each particular case presents its own features and no iron-
clad rule can justly be devised applicable alike to all."
(*First National Bank* v. *Nason,* 115 Cal. 626.)  In *Bailey* v.
*Taaffe,* 29 Cal. 423, Mr. Justice Sanderson said: "The discre-
tion intended, however, is not a capricious or arbitrary
discretion, but an impartial discretion, guided and controlled
in its exercise by fixed legal principles.  It is not a mental
discretion to be exercised *ex gratia,* but a legal discretion, to be
exercised in conformity with the spirit of the law, *and in a
manner to subserve and not to impede or defeat the ends of
substantial justice.*"  In the case before us the facts are un-
disputed.  It is unlike the case of a motion for a new trial,—

for example, where the trial judge is for obvious reasons better qualified to determine whether a fair trial has been had and substantial justice done than the appellate tribunal.

The judgment upon which the action is brought is unpaid. An effort to compromise that judgment was in progress by the parties after the summons issued, and for this reason plaintiff caused the delay in the service. To have served the summons pending these negotiations might, as plaintiff feared, embarrass the settlement. It seems to us that the delay was reasonably accounted for and excused, and that the order of the court did not tend to subserve, but rather to impede or defeat, the ends of substantial justice.

In the case of *Herman* v. *Pacific Jute Mfg. Co.*, 131 Cal. 210, the court reversed an order dismissing the action on the ground that the defendant admittedly had no defense and had filed a sham answer. In that case the complaint was filed in 1883, and the motion was made in 1897. Matters alleged by plaintiff in excuse for the delay were not considered. The sole issue raised by the answer in the case was ownership of the note, and was filed for purposes of delay. How far this latter fact influenced the decision does not appear, but it was put upon the ground also that defendant admittedly had no defense.

In the present case not only was the indebtedness admitted and no defense to it suggested, but the delay was explained upon the reasonable grounds that the parties were endeavoring to effect a compromise. Some consideration also is due to the fact, though in itself insufficient, that plaintiff in the original action recovered judgment for the estate of which he was administrator and is now seeking to keep that judgment alive for said estate.

In our opinion, the discretion of the court was improperly exercised, and it is therefore advised that the judgment of dismissal be reversed and the cause remanded.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment of dismissal is reversed.

                    Shaw, J., Angellotti, J., Van Dyke, J.