[S. F. No. 3213. In Bank.—November 23, 1904.]

## MERCED BANK, and SOPHIE A. IVETT, Appellants, v. JAMES D. PRICE et al., Respondents.

ACTION TO FORECLOSE MORTGAGE—DEFENSE NOT GOING TO MERITS—DISMISSAL FOR WANT OF PROSECUTION—ABUSE OF DISCRETION—ASSIGNMENT BY PLAINTIFF.—In an action to foreclose a mortgage, where the answer made no defense to the merits, but merely questioned the amount of attorney's fees, and pleaded an assignment of the cause of action by the plaintiff before suit, it was an abuse of discretion to dismiss the cause for want of prosecution on motion of the defendants where it appeared that the defendants made no effort to have the case set down for trial, and that the assignment was at first by way of pledge, and was not made absolute until several months before notice of the motion to dismiss, and that diligent efforts were made on behalf of plaintiff and the assignee to settle the suit.

ID.—BURDEN OF PROOF UPON DEFENDANTS.—The burden of proving the matters in avoidance pleaded by the defendants was upon them.

ID.—AFFIRMATIVE SHOWING NOT CONTROVERTED—APPLICATION BY ASSIGNEE.—Where at the hearing of the motion to dismiss there was an affirmative showing on the part of the plaintiff, which was not controverted, that the action was properly brought and continued up to that time, and that an application was made by the assignee,

who had become the absolute owner of the note and mortgage, for a substitution as party plaintiff, and that the action proceed to trial, such application should have been granted, and the action allowed to proceed as requested.

APP_AL from a judgment of the Superior Court of Mari-posa County. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

J. W. Knox, and F. H. Gould, for Appellants.

The respondents having sought no trial upon the issues raised by the answer, and having promised to settle, their motion to dismiss for want of prosecution should not have been granted. (*Cowell* v. *Stuart,* 69 Cal. 525; *McCarthy* v. *Hancock,* 6 How. Pr. 28; *Moeller* v. *Bailey,* 14 How. Pr. 359; *Dixon* v. *Rutherford,* 26 Ga. 153; *Doyle* v. *O'Farrell,* 5 Robt. 640; *Bierne* v. *Wadsworth,* 36 Fed. 614; *Perkins* v. *Butler,* 42 How. Pr. 102; *Person* v. *Nevitt,* 32 Miss. 180.)

J. F. McSwain, and James F. Peck, for Respondents.

The court was within its discretion in granting the motion to dismiss for want of prosecution. (*Kreiss* v. *Hotaling,* 99 Cal. 383; *People* v. *Jefferds,* 126 Cal. 296; *First National Bank* v. *Mason,* 115 Cal. 626; *Martin* v. *San Francisco,* 131 Cal. 576; *Grigsby* v. *Napa County,* 36 Cal. 588;[1] *Clavey* v. *Lord,* 87 Cal. 419.)

VAN DYKE, J.—This is an appeal from the judgment dismissing the action upon the application of the defendants. The ground upon which the dismissal was made, as stated in the notice of motion, and also in the order of the court grant-ing the same, was, that the plaintiff Merced Bank had neglect-ed to prosecute the same with diligence, and that it had aban-doned said cause. The action is upon a promissory note and to foreclose a mortgage securing the same. The note was executed by defendants James D. Price, Jeff D. Price, Thomas Price, and George Price, in the sum of sixty-five hundred dollars, and made payable to the Merced Bank or order, and the mortgage to secure the same was executed by the makers of the note, and in addition thereto Nettie L. Price and

_____
[1] 95 Am. Dec. 213.

Mary Wilson, also part owners of the real estate covered by the mortgage. The complaint in the action was filed September 30, 1898, and summons thereon issued and returned within a year, and all the defendants answered September 25, 1899. June 8, 1900, by stipulation of all parties, the complaint was amended as to the description of the property embraced in the mortgage, and it was also stipulated that the answer of defendants to the original complaint might stand as an answer to the amended complaint. This stipulation was filed and an order made accordingly June 11, 1900. The notice of motion to dismiss for failure to prosecute was made and filed July 26, 1901. Monday, August 12th, was noticed as the day set for hearing said motion, and in the mean time, on August 7th, a stipulation was prepared on the part of plaintiff's attorney, who was also the attorney of Sophie A. Ivett, who was then the owner and holder of the note and mortgage, to have said Ivett substituted in place of the original plaintiff, and to allow the action to proceed in her name, and that the said action might be tried on September 3d following, or as soon thereafter as counsel and the court could hear the same. Defendants' attorneys declined to sign this stipulation. The hearing of the motion to dismiss, however, was continued until October 1st. On the hearing J. W. Knox submitted his affidavit on behalf of the Merced Bank and Sophie A. Ivett. In his affidavit it is set forth that the note and mortgage were pledged by said bank to Sophie A. Ivett as collateral security for certain moneys due from said bank to her, which said pledge was in writing, but not recorded; that said note and mortgage remained so pledged until October 2, 1900, at which time, upon full settlement between said bank and said Sophie A. Ivett, and as part payment of the sum then due her from said bank, the bank sold, assigned, and transferred absolutely to her the said note and mortgage in suit, and that the same had then become the property of said Sophie A. Ivett. He further states in said affidavit that after the answer of the defendants was filed negotiations were entered into between the parties to the action for settlement of the same, which continued off and on until October 2, 1900, and that by reason of the fact that the said note and mortgage sued on were pledged to said Sophie A. Ivett, it became necessary on the part of the original plaintiff

to get her consent to a settlement of said suit for any less sum than the full amount due on said note and mortgage. It is further stated in said affidavit that the defendants never at any time asked that said action be set down for trial or attempted to have said action set down for trial. The affidavit of said Sophie A. Ivett was also filed on said hearing. In this affidavit the affiant states that she has been anxious at all times since October 2, 1900, to have said suit compromised, settled, or tried and disposed of, and has used every reasonable effort in her power to accomplish the same without sacrificing her rights in the matter, and is now anxious to have the said suit tried and disposed of at once, and hereby asks that an order be made by this court allowing said suit to continue in the name of the plaintiff for the use and benefit of said affiant, Sophie A. Ivett, she now being the owner and holder of the note and mortgage sued on in said action, or that said Sophie A. Ivett may be substituted as plaintiff in said action; and that prior to said October 2, 1900, she simply held said note and mortgage as a pledge.

The facts set forth in these affidavits with reference to the assignment of the note and mortgage by the Merced Bank by way of pledge merely in the first instance, and that the same were not assigned absolutely until a short time before the motion on the part of the defendants to dismiss the action, are not controverted on the part of the defendants. It is claimed, however, by defendants' counsel that these facts merely raise an issue with the answer filed by defendants, and it is contended that such issue raised by the pleadings cannot be tried upon affidavits. The answer, however, entirely fails to raise any issue in reference to the merits of the action. It does not deny the execution of the note and mortgage or aver payment thereof, or question the amount alleged to be due thereon as set forth in the complaint. It merely denies that the amount claimed as attorney's fee is a reasonable sum to be allowed, but alleges, on the contrary, that a hundred dollars is a sufficient sum to be allowed as attorney's fee. It also avers that before the action was brought the plaintiff Merced Bank had assigned and delivered the note and mortgage to one S. A. Ivett as administrator of the estate of J. L. Ivett, deceased, and alleges that certain probate proceedings in said estate resulted in vesting the absolute

ownership of the note and mortgage in said S. A. Ivett. It further avers that prior to the filing of the complaint the note and mortgage had been indorsed, assigned, and transferred to the Bank of British Columbia, and that thereafter the same had been assigned and transferred to S. A. Ivett. None of the material allegations of the complaint having been controverted by the answer, for the purpose of the action, they are deemed to be true, and the allegations in reference to the assignment are in the nature of new matter in avoidance of the action, and are deemed controverted by the opposite party. (Code Civ. Proc., sec. 462.) The burden of proving these matters in avoidance, therefore, was on the defendants. At the hearing of the motion to dismiss there was an affirmative showing on the part of the plaintiff, which was not controverted, that the action was properly brought and continued up to that time, and that upon the application of Sophie A. Ivett, who had become the absolute owner of the note and mortgage, a substitution of the party plaintiff should have been granted and the action allowed to proceed as requested.

The order dismissing the action was based solely upon the ground of failure to prosecute, and not for any of the causes enumerated in the code. Nor could it well have been, as the service and return and appearance of the defendants, and other proceedings, were all within the time required by the code. Conceding the power of the court in a proper case to dismiss a cause for laches, there was an abuse of discretion in the case at bar in exercising that power in favor of these defendants, who, as shown, had no defense whatever to the action upon the merits. (*Herman* v. *Pacific Jute Mfg. Co.*, 131 Cal. 210.)

The judgment appealed from is reversed and the cause remanded, with directions to the court below to proceed in the case as herein suggested.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and McFarland, J., concurred.