[Civ. No. 5012. First Appellate District, Division Two.—December 31, 1924.]

SUNSET PUBLISHING HOUSE (a Corporation), Appellant, v. COTTAGE GARDENS NURSERIES (a Corporation) et al., Respondents.

[1] DISMISSAL — WANT OF PROSECUTION—DELAY CAUSED BY DEFENDANTS — ADMISSION OF INDEBTEDNESS — ABUSE OF DISCRETION. — It was an abuse of discretion on the part of a trial court to dismiss an action for want of prosecution, where shortly after the complaint was filed the defendant debtor became financially involved and a receiver was appointed for said defendant, and thereafter, at numerous meetings of creditors, plaintiff's claim was repeatedly admitted by defendants, and plaintiff was assured that its claim would be paid and satisfied, rendering prosecution of the action unnecessary, and where the delay resulted in benefit to defendants, and they failed to answer the allegations of the complaint after filing a demurrer thereto.

(1) 18 C. J., p. 1193, n. 32, p. 1194, n. 44 New, p. 1195, n. 63.

APPEAL from an order of the Superior Court of Humboldt County dismissing action for want of prosecution. Denver Sevier, Judge. Reversed.

The facts are stated in the opinion of the court.

Nelson & Ricks for Appellant.

Puter & Quinn for Respondents.

NOURSE, J.—This is an appeal from an order dismissing the action on the ground of want of prosecution. The complaint was filed in the superior court of the county of Humboldt on November 22, 1918. The cause of action was a balance due the plaintiff for work and labor performed and materials furnished to the defendant, amounting to $1,224.45. A demurrer was filed to said complaint on December 13, 1918. About this time the defendant became financially involved, and upon proceedings duly had in the superior court of that county a receiver was appointed for the defendant.

1. See 9 Cal. Jur. 545.

On November 9, 1921, upon application to the superior court, permission was given to the plaintiff to prosecute an action against this defendant and said receiver. Thereafter, and on December 28, 1923, new attorneys were substituted for the plaintiff herein and on December 28, 1923, they filed an amended complaint herein adding said receiver as a party defendant. To this amended complaint the defendants demurred on January 24, 1924, and at the same time filed a motion to dismiss this action on the ground that the plaintiff had failed to prosecute it with due diligence. The affidavit of the attorney for the defendants in support of this motion sets forth facts substantially as just recited. In answer thereto the plaintiffs filed the affidavit of their original counsel who acted as such until December 28, 1923. [1] From this affidavit it appeared that from the fourth day of April, 1919, when the receiver was appointed, counsel for the defendants herein acted as his attorney, while the affiant acted as the attorney for the plaintiff, and that numerous meetings of the creditors of said company were called at the request of its attorneys, and that at each of said meetings plaintiff's counsel appeared and was assured by the receiver and by defendants' counsel that the receiver would soon render his report and account, that payments would be made to the creditors on account of their various claims, and that the prosecution of legal proceedings, including this action, would be unnecessary. It also appeared from said affidavit that the delay in prosecuting this proceeding was caused by the actions, conduct, and representations of counsel for said receiver and that the defendant had not been prejudiced by the delay, but, on the other hand, it had been benefited thereby. That at each of the meetings referred to the obligation involved in this action had been repeatedly admitted and said receiver and his counsel had repeatedly assured the plaintiff that it would be paid and satisfied. All these facts stand in the record uncontradicted. No answer has been filed to the original or amended complaint and the debt has not been denied at any time. Upon this showing alone the trial court made its order dismissing the action from which the appeal is prosecuted. The question involved on the appeal is whether the trial court abused its discretion in dismissing the action.

From the facts recited it is apparent that the delay in prosecuting the action was caused wholly by the respondents; that, in fact, it was upon respondents' request and for their benefit that the action was not prosecuted. This fact, taken with their admission of the indebtedness upon which the suit is based and their failure to answer the allegations of the complaint, brings the case under the rule of *Ferris* v. *Wood,* 144 Cal. 426, 429 [77 Pac. 1037], where the supreme court say: "It seems to us that the delay was reasonably accounted for and excused, and that the order of the court did not tend to subserve, but rather to impede or defeat, the ends of substantial justice." In that case, as here, the debt was admitted and the delay was caused by the effort to bring about a compromise. To the same effect is *Herman* v. *Pacific Jute Mfg. Co.,* 131 Cal. 210. [63 Pac. 344].

Order reversed.

Langdon, P. J., and Sturtevant, J., concurred.