[L. A. No. 8596. In Bank.—July 18, 1928.]

J. FARBSTEIN, Appellant, v. MARTIN WOULFE et al., Respondents.

Turner & Grainger for Appellant.

Robert M. Pease for Respondents.

SHENK, J.—This is an appeal from an order dismissing, for want of prosecution, an action to enforce a mechanic's lien.

The defendant Woulfe is the owner in fee of certain lots in the Vista Del Mar Tract, in the county of Orange. On June 1, 1921, he entered into an oil and gas lease with the defendant Robert M. Pease. By assignment this lease came into the hands of the defendant Malis Aldahl Syndicate. In August, 1921, the syndicate commenced the drilling of an oil-well on the premises. Between August 15 and March 8, 1922, the plaintiff furnished to the syndicate for use, and which was used in the oil-drilling enterprise, certain oil-well casing at an agreed price of $8,653, of which the sum of $2,646.54 was paid. The balance of the purchase price not having been paid, the plaintiff, on March 8, 1922, filed a mechanic's lien on said real property. On April 13, 1922, a complaint was filed to foreclose the lien.

On December 12, 1924, the defendants Pease and Woulfe moved the court, on notice, for an order dismissing said action for want of prosecution. The motion was supported by the affidavit of the defendant Robert M. Pease, setting forth that the summons in said action was not served on the defendant Woulfe until November 11, 1924, which was more than two years and six months after the commencement of said action; that said defendant Woulfe had maintained a residence and office and had actually resided in the city of Los Angeles during all of said time; that his name appeared in the Los Angeles city and telephone directories during the time and that said real property appeared on the assessment-roll of Orange County in his name and with his office address given thereon; that the defendants Pease had resided in the city of Los Angeles during all of said time and that the name of the defendant Robert M. Pease appeared in the city and telephone directories during said time; that no proceedings whatsoever were taken by the plaintiff to bring said action to trial during said period of more than two and one-half years after the commencement thereof and that the failure to bring said action to trial was inexcusable and was not caused by act or omission of the said defendants.

The motion was granted and the action was dismissed under the specific authority of section 1190 of the Code of Civil Procedure relating to the dismissal of mechanic's lien actions, for want of prosecution. That section, among other things, provides that in case the action to enforce the lien

"be not prosecuted to trial within two years after the commencement thereof, the court may in its discretion dismiss the same for want of prosecution."

The motion to dismiss the action invoked the discretionary power of the court. The showing made by the moving defendants was abundantly sufficient to sustain the order, and under familiar rules the order may not be disturbed on appeal except upon a showing of abuse of discretion on the part of the trial court.

The plaintiff contends that such abuse of discretion appears from the showing made by affidavit in opposition to the motion to dismiss. The affidavit was made by one of the attorneys for the plaintiff. It appears therefrom that immediately after the commencement of this action another action was commenced by one Gullick and others against said Malis Aldahl Syndicate in the superior court in and for the county of Los Angeles, wherein the plaintiffs therein prayed for the appointment of a receiver; that a receiver was appointed in said action with full power to take possession of said leased premises and conduct the oil drilling and producing operations thereon; that shortly after the commencement of the Gullick action the attorney for the plaintiffs therein notified the affiant of the commencement thereof and requested the affiant not to press the present action or incur any further expense on account thereof and represented to affiant that the claim secured by said mechanic's lien would be paid by the receiver from the production of oil on said property; that the plaintiff herein has received, pursuant to said arrangement, payments aggregating $3,050, thus reducing his claim to $2,956.46; that on the fifth day of November, 1924, the affiant first learned that the receiver had entered into a contract with one Behr wherein the latter had taken over the operation of said property and had agreed to assume and pay certain obligations, including the claim secured by said lien, but that the affiant knew nothing of the financial responsibility of said Behr, and then took steps to have summons served on the defendants Pease and Woulfe. The affidavit also states, as a conclusion of the affiant, that the defendants Pease and Woulfe have been in nowise injured by the delay in the prosecution of the present action, but, on the contrary, have profited thereby.

We find no abuse of discretion on the part of the trial court in dismissing this action. It does not appear that the defendants Pease and Woulfe, or either or any of them, were parties to the Gullick action. Nor were they parties to the arrangement between the plaintiff herein and the plaintiff in the other action. Nor does it appear that they had countenanced or encouraged the delay in the prosecution of the present action or by any act or omission on their part become estopped from pursuing their rights under the statute. The plaintiff herein and the moving defendants were at all times at arm's-length. ▮ It was unnecessary for said defendants to show damage by reason of the delay. The law presumes injury from unreasonable delay. (*Gray* v. *Times Mirror Co.*, 11 Cal. App. 155 [104 Pac. 481].) Indeed, the cloud upon their title during all of said time by reason of the filing of a *lis pendens* at the time of the commencement of this action would constitute a prejudice if any were necessary to be shown.

The plaintiff contends that the payment of a portion of the claim by the receiver resulted in a benefit to the defendants and that therefore they should not complain. Assuming that the defendant Woulfe, who was not personally liable for the obligation incurred by the syndicate, would be benefited by a reduction of the amount of the lien, it does not appear that it was out of any consideration for the defendant Woulfe that the delay was caused by the plaintiff. On the contrary it appears that the moving cause for the delay was a request on the part of the attorney for the plaintiff in the Gullick action, coupled with an unquestioned desire on the part of the plaintiff herein to obtain satisfaction of his claim by payments in cash from the oil operations on the leased property and thus avoid further proceedings in the present action. Having started this action, he was bound to realize the consequences of delay in the prosecution thereof, and cannot be heard to complain that he selected the uncertain course.

The order is affirmed.

Richards, J., Seawell, J., Preston, J., and Curtis, J., concurred.