[Civ. No. 599. Fourth Appellate District.—November 25, 1931.]

FRANK BRYSON, Special Administrator, etc., Appellant, v. KATIE VIESSER HARRYMAN et al., Defendants; KATHERINE McKAY, Respondent.

Elon G. Galusha for Appellant.

C. W. Benshoof for Respondent.

BARNARD, P. J.—This is an appeal from an order dismissing the action upon the ground that the plaintiff had failed to prosecute the same with diligence, in that the service of the summons was unduly delayed.

The action was originally brought by Blakely Durant as plaintiff, the special administrator of his estate being substituted during the appeal. The complaint, filed on July 7, 1927, in a first cause of action seeks to quiet title to certain land in Riverside County, and in a second cause of action seeks to eject some of the defendants from said land. On December 7, 1928, at which time summons had not been served on any of the defendants, the defendant McKay served notice of a motion to dismiss the action because of the failure of the plaintiff to prosecute the case with diligence, and because of the undue delay of the plaintiff in serving the summons. This action was noticed for December 24, 1928. On December 19, 1928, all of the defendants except Rose J. Woody and the fictitious defendants, were personally served with summons in the county of Riverside. When the motion was heard, it was supported by the affidavit of defendant McKay, sworn to on December 6, 1928, in which

it was set forth that she was well acquainted with the plaintiff and had known him for many years; that the plaintiff at all times knew that she lived in the city of Riverside and also knew that she could easily be found in said city; that summons had never been served upon her and had never been returned to the court; that she had never been notified in any manner of the existence of the action and that she knew nothing of the same until her attention was called to the matter on or about November 21, 1928, by the Riverside Title and Guaranty Company, which company was searching the title in her behalf; that she was the holder of the legal title to the property mentioned in the complaint; and that she had fully stated all of the facts to her attorney and had been advised by him, and believed, that she had a good and meritorious defense to the action. In opposition to the motion there was presented the affidavit of the plaintiff consisting of only eight lines, the material parts thereof reading as follows:

"I am the plaintiff in this action; I am old and infirm, and have been sick much of the past year. I am also a poor man and have not the means heretofore to prosecute this action."

" . . . that the remaining party defendant has not yet been located".

The motion was granted by the court, and from that order this appeal is taken.

In support of the appeal the appellant maintains that the statement of the plaintiff that he was without financial means and that one defendant had not yet been located, was such a sufficient showing of excusable delay in serving the summons that the making of the order of dismissal was an abuse of discretion on the part of the trial court. The only authority cited by appellant which is at all relevant to the question before us is *Ferris* v. *Wood,* 144 Cal. 426 [77 Pac. 1037]. In that case it was held that while such a question is addressed to the sound discretion of the court, this discretion is not to be exercised in a capricious or arbitrary manner. It was then pointed out that the indebtedness which the plaintiff was attempting to collect in that case was fully admitted, that no defense to the claim of the plaintiff had been suggested, and that a good and valid reason for delaying the service of the summons

appeared. That case is by no means controlling in the case before us, but, as pointed out therein, ''each particular case presents its own features and no ironclad rule can be justly devised applicable alike to all''. In *Marks* v. *Keenan*, 148 Cal. 161 [82 Pac. 772], the court said:

''After the filing of the complaint and the issuing of the summons nothing was done towards serving the summons until more than a year had elapsed. During that time the summons was not given to the sheriff, nor was any other person employed to serve it. The defendant during this time was a resident of San Francisco, where the action was commenced, the place of his residence being in the city directory; and there seems to have been no good reason why he was not served. The service was not made on him until a year and four months after the commencement of the action and the issuance of the summons. Under these circumstances we do not feel called upon to disturb the order appealed from.''

Lack of funds on the part of the plaintiff has been held not to be conclusive as an excuse for delay in serving the summons, especially where the amount required would be trivial (*Overaa* v. *Kenney*, 169 Cal. 628 [147 Pac. 466]).

■ In the case before us it appears that the respondent held the legal title to the property described in the complaint and that the action filed by the plaintiff was a cloud upon her title. It does not appear that summons was handed to any officer for service, and the fact that summons was personally served upon all but one of the defendants within a few days after notice of a motion to dismiss was served, together with the fact that the plaintiff did not deny the statement of the respondent, who was the defendant. principally interested, that she was well acquainted with him and that he knew her place of residence at all times, would strongly indicate that no effort was made to serve the summons until after service of the notice of motion to dismiss. This is practically conceded by the affidavit of the plaintiff, and even his claim of lack of funds, due to illness, relates only to the preceding year and no reason at all is assigned for the failure to serve the summons during the first five months after the action was filed. In view of the manner in which the respondent's title to real property was clouded, the apparent ease with which service

of summons could have been secured, and the nature of the excuse for delay offered by the plaintiff, considerable ground existed for holding that the delay in the service of the summons was an unreasonable one. Under such circumstances we cannot hold that the trial court abused its discretion in making the order complained of (*Witter* v. *Phelps,* 163 Cal. 655 [126 Pac. 593]).

The only other point raised by appellant is that the attorney for the respondent accepted service of the summons and thereby waived his motion to dismiss the action. The summons as returned was accompanied by an affidavit of personal service on three of the defendants, which service was made on December 19, 1928. There was also an admission of service of the summons and a copy of the complaint for the respondent by her attorney, which acceptance of service is not dated. It appears, however, that such service of summons was thus accepted at some time between the service of the notice of the motion to dismiss and the time that said motion to dismiss came on to be heard. In our opinion this acceptance of service merely established that service had then been made on the respondent and did not waive the motion which had been noticed for hearing. In thus accepting service this attorney waived the actual service of the summons on his client, at that time, but he did not waive his contention that the service had been too long delayed. The fact that a summons is served on some of the defendants after a notice of motion to dismiss is given, does not necessarily excuse a previous delay in serving the summons. The question presented by such a motion to dismiss is not whether the summons has been served at the time of the hearing, but whether there has been an unreasonable delay in serving it. In the case of *Overaa* v. *Kenney,* above referred to, an order dismissing the action for unreasonable delay in the service of the summons was upheld where the summons was actually served before notice of a motion to dismiss was given.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.