[Civ. No. 14111. Second Dist., Div. One. Sept. 30, 1943.]

JOHN BRONGER, Appellant, v. POLYTECHNIC SCHOOL OF BEAUTY CULTURE LTD. (a Corporation) et al., Defendants; CHARLES C. CHAPMAN COMPANY (a Corporation), Respondent.

Girard F. Baker for Appellant.

Sam L. Collins and Ben F. Gray for Respondent.

DRAPEAU, J. pro tem.—Complaint to foreclose mechanic's lien was filed in the Municipal Court of Los Angeles County, January 31, 1940. Answer of the respondent defendant was filed March 4, 1940. At the instance of the plaintiff, the case was set for trial in the municipal court for April 1, 1940.

Upon motion by the defendant the municipal court April 1, 1940, made its order transferring the case to the superior court for trial. But no papers were filed in the superior court until September 8, 1942, more than two years after the filing of the complaint and the date set for trial in the municipal court.

After the papers were filed in the superior court, the case was set for trial. Then, and on November 23, 1942, motion was made by the defendant to dismiss, which motion was

granted, pursuant to the provisions of section 1190 Code of Civil Procedure.

 The only question here involved is whether there was an abuse of discretion by the trial court in granting this motion. (*Farbstein* v. *Woulfe,* 204 Cal. 595 [269 P. 446]; *Holt* v. *Miller,* 214 Cal. 558 [6 P.2d 937, 79 A.L.R. 844]; Code Civ. Proc., § 1190, 79 A.L.R. 847.)

Plaintiff's affidavit in opposition to the motion to dismiss avers:

(a) That the asserted lien was for work done on a store-room in a large building belonging to the respondent defendant, which resulted in the respondent defendant receiving rental which would not otherwise have been received.

(b) That defendant failed to file any notice of nonresponsibility, although the manager of the building had full knowledge of the improvements being made by the lien claimant.

(c) That the other defendant in the action, the renter of the storeroom became insolvent and was adjudged bankrupt; that counsel for the plaintiff discussed with counsel for the defendant owner of the building a plan to endeavor to collect the amount of the lien from the defendant renter, who was primarily liable, but that no stipulation was signed between the parties; that temporary restraining orders in the federal court were issued, restraining plaintiff from proceeding with the pending action, which were in effect for a short time and were then modified to restrain enforcement of any judgment in this action. That when it became apparent plaintiff would receive no further payments from the renter defendant, plaintiff's counsel proposed a stipulation regarding delay in the prosecution of the pending action, which stipulation was refused; steps were then taken to put the pending case in condition to be tried and to set the same for trial; whereupon it was found that the case had not as yet been transferred to the superior court; and, whereupon, plaintiff was again restrained by the federal court from taking any further action, which restraining order was dissolved October 13, 1942.

(d) That the plaintiff is willing to stipulate to an earlier date for trial than that set by the trial court.

(e) That, on information and belief, the defendant owner purchased at a bankruptcy sale all of the property of the defendant renter in the storeroom in question.

When a motion to dismiss has been filed in accordance with

section 583 Code of Civil Procedure, the duty of the plaintiff is defined in *Jackson* v. *De Benedetti*, 39 Cal.App.2d 574 at page 577 [103 P.2d 990].

"The principles of law involved in both appeals are not complicated. Section 583 of the Code of Civil Procedure reads in part: 'The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial.' In 9 California Jurisprudence, page 526, it is said: 'It is the duty of a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination. And it is clearly settled by numerous decisions that if he fails in the performance of that duty, the superior court may, in the exercise of its inherent discretionary powers, dismiss the action.' In *Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481], the court said: 'The law will presume injury from unreasonable delay. It is the policy of the law to favor and encourage a prompt disposition of litigation, and this policy is the outgrowth of sound and substantial reasons. The doctrine of laches as a bar to the assertion of stale claims and of statutes of limitations rest upon the same reasons or principle. A party against whom an action is instituted is entitled to as speedy a disposition thereof as is consistent with his own and the rights of the plaintiff, and if he who starts the law in motion does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of his default. It is no answer to say that the respondent did not, during the period of the delay, utter a word of protest against such delay. As we have said, it was the duty of the plaintiff to act, and to act with reasonable promptness and diligence. It was not the duty of the respondent to make any move except such as the law requires it to make in response to the movements of plaintiff at the various stages of the litigation.' A clear and succinct statement of the principles controlling in a case of this character is found in *Lieb* v. *Lager*, 9 Cal.App.2d 324, 326 [49 P.2d 886], where the court said: 'As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use diligence to expedite his case to a final determination that there may be an end to litigation. The question of diligent prosecution is one largely committed to the discretion of the lower court. (*Ferris* v. *Wood*, 144 Cal. 426 [77 P. 1037].) The only limitation upon the exercise of

the discretionary power of the court to dismiss a cause for delay in the service of summons is that it must not be abused. (*Kreiss* v. *Hotaling,* 99 Cal. 383 [33 P. 1125].) Here the motion was heard upon conflicting affidavits and it must be assumed that the court below found the facts to be as asserted by the moving and prevailing party. (*Witter* v. *Phelps,* 163 Cal. 655 [126 P. 593].) . . . Even if it be assumed that the delay here involved did not injure the defendants, it is no excuse in itself for the tardy service, and this fact in no manner controlled the action of the court in the exercise of its discretion. (*Anderson* v. *Nawa,* 25 Cal.App. 151 [143 P. 555].) To say that the court is so limited is to deny its exercise of discretionary power in all cases. As we have seen, the only limitation that the law has placed upon the exercise of discretionary judicial power is that it must not be abused. (*Clavey* v. *Lord,* 87 Cal. 413, 419 [25 P. 493].)' ''

There is nothing apparent in this case upon which an abuse of discretion of the trial court may be founded. If the plaintiff had been restrained at all times by mandate of the federal court from proceeding to bring his case to trial such fact brought to the attention of the trial court undoubtedly would have been persuasive in securing relief for the plaintiff in the state court, but the most that the record discloses is that such restraining orders were in effect for only a short time.

There being no abuse of judicial discretion, the judgment is affirmed.

York, P. J., and Doran, J., concurred.