[Civ. No. 12785.   First Dist., Div. Two.   May 22, 1945.]

MICHAEL FORNERIS, Appellant, v. WILBER L. KRELL et al., Respondents.

Carl William Anderson for Appellant.

F. E. Hoffmann for Respondents.

GOODELL, J.—This is an appeal from an order granting defendants' motions to dismiss because of delay in the service of summons.

The complaint, filed on January 18, 1943, shows that On February 15, 1938, in the Superior Court in San Mateo County a judgment was entered in favor of this plaintiff and against these defendants, for $1,559.62 and $10.50 costs, on which $99 had been paid. The prayer is for $1,471.12 with interest. Summons was issued when the complaint was filed, and was served on both defendants on March 30, 1944, in San Mateo County, 14 months and 12 days after issuance.

On April 3, 1944, the defendants served separate notices of motions to dismiss "upon the ground of long and unnecessary delay in the service of summons . . . laches, lack of diligence and want of prosecution . . . by plaintiff" and, after hearing, both motions were granted.

The appellant contends that the court abused its discretion in granting these motions.

The notice of defendant Krell's motion was accompanied by his affidavit showing that he had been a resident of the city of San Mateo for a long time and ever since the first judgment, stating his home and business addresses, and that ever since the action was commenced in 1943 both addresses appeared in the city directory and his telephone number appeared in the telephone book and that plaintiff and his counsel knew these addresses. It showed that Krell is well acquainted with plaintiff's counsel and often meets him socially and professionally and that both of them belong to the same organizations and frequently see each other at the meetings thereof; that Krell has never attempted to secrete himself or avoid service, but could have been found if plaintiff had desired to effect service. The notice of defendant Piatt's motion was accompanied by his affidavit making a showing similar to that in Krell's affidavit.

The affidavit filed by plaintiff's counsel shows that the original action between these parties was commenced on October 28, 1931, for personal injuries resulting from the operation of an automobile by Krell, then in the employ of Piatt, and that on May 12, 1932, after a trial, judgment was entered against both defendants for $1,000 and $101.30 costs; that the defendants were then covered by insurance but that their insurance carrier became insolvent; that an examination of both judgment debtors showed they had no property which was not exempt, and that no more than $99 was paid out of the insurance carrier's assets on account of the judgment. It showed that on May 7, 1937, a complaint was filed to renew the 1932 judgment, that negotiations were had while that action was pending, and on February 15, 1938, a judgment by default was entered against both defendants. The affidavit shows further details of what went on before the filing of the present action, but it is not material on this inquiry. Four or five weeks after this action was commenced counsel for plaintiff called on Krell, told him it was pending, and suggested that if an offer of $750 were made he would recommend its acceptance; it was suggested that when the occasion arose Krell should submit said offer to Piatt, to which Krell replied that "he would try to find the right moment to again talk to Piatt to see whether he would not contribute something in payment of the offered settlement, and to just wait awhile." Krell stated that he felt Piatt should contribute most of it. From

time to time plaintiff's counsel saw Krell at fraternal gatherings and inquired as to his progress with Piatt, and Krell said that the opportunity had not arrived. About the middle of December, 1943, Krell told plaintiff's counsel that he had had a talk with Piatt, who then had no more money than he had before, and was in no position to make any offer of compromise, whereupon counsel for plaintiff told Krell that all he could do was to proceed with the action and unless he heard from him shortly he would do so. When he prepared to have the summons served it was discovered that it had been misplaced in his office files, but systematic search brought it to light. The affidavit shows that plaintiff's counsel relied upon the statements respecting the defendants' financial condition; that he believed the insurance carrier might attempt to again qualify in California, in which case the judgment would have to be paid, and it concludes with the statement that the delay in service caused no harm to the defendants and that they have no defense to the action.

The defendants' affidavits make no attempt to show that anything has been paid on the judgments since 1932 except the $99 admitted in the complaint. They make no attempt to show that there is any defense to the action, or that the defendants have been in any way harmed by the delay.

*Ferris* v. *Wood*, 144 Cal. 426 [77 P. 1037], relied on by the appellant, was likewise an action upon a judgment. In its facts and circumstances it is quite similar to the instant case. There the delay in service was 25 months while here it was 14 months and 12 days. The fact that the indebtedness was admitted, and that there was no defense, undoubtedly influenced the court in holding, as it did, that in dismissing the action the trial court had improperly exercised its discretion.

Several years before the Ferris case the Supreme Court reversed a judgment of dismissal for failure of prosecution in the case of *Herman* v. *Pacific Jute Mfg. Co.*, 131 Cal. 210 [63 P. 344]. In doing so the court said, "Without discussing other questions raised by appellant, it is sufficient to say that, conceding the power of a court to dismiss a case for laches, there was an abuse of discretion in the case at bar in exercising that power in favor of a defendant who admittedly has no defense and has filed a sham answer for purposes of delay." In *Ferris* v. *Wood* the court had this to say respecting the Herman case: "In the case of *Herman* v. *Pacific Jute Mfg. Co.*, 131 Cal. 210 [63 P. 344], the court reversed an order

dismissing the action on the ground that the defendant admittedly had no defense and had filed a sham answer. In that case the complaint was filed in 1883, and the motion was made in 1897. Matters alleged by plaintiff in excuse for the delay were not considered. The sole issue raised by the answer in the case was ownership of the note, and was filed for purposes of delay. How far this latter fact influenced the decision does not appear, but it was put upon the ground also that defendant admittedly had no defense.''

*Merced Bank* v. *Price,* 145 Cal. 436 [78 P. 949], was a suit to foreclose a mortgage securing a $6,500 note. A motion to dismiss for failure to diligently prosecute the case was granted by the trial court. The answer did not deny the execution of the note or mortgage, did not plead payment, did not question the amount claimed to be due, or, indeed, raise any issue as to the merits. It merely denied that the amount claimed as an attorney's fee was reasonable. In reversing the judgment of dismissal the court said: ''Conceding the power of the court in a proper case to dismiss a cause for laches, *there was an abuse of discretion in the case at bar in exercising that power in favor of these defendants, who, as shown, had no defense whatever to the action upon the merits. (Herman* v. *Pacific Jute Mfg. Co.,* 131 Cal. 210 [63 P. 344].'' (Emphasis ours.)

In *Sunset Publishing House* v. *Cottage Gardens Nurseries,* 70 Cal.App. 452 [233 P. 402], the trial court had dismissed the action for want of prosecution. In reversing the judgment this court said: ''From the facts recited it is apparent that the delay in prosecuting the action was caused wholly by the respondents; that, in fact, it was upon respondents' request and for their benefit that the action was not prosecuted. This fact, taken with their admission of the indebtedness upon which the suit is based and their failure to answer the allegations of the complaint, brings the case under the rule of *Ferris* v. *Wood,* 144 Cal. 426, 429 [77 P. 1037], where the Supreme Court says: 'It seems to us that the delay was reasonably accounted for and excused, and that the order of the court did not tend to subserve, but rather to impede or defeat, the ends of substantial justice.' In that case, as here, the debt was admitted and the delay was caused by the effort to bring about a compromise. To the same effect is *Herman* v. *Pacific Jute Mfg. Co.,* 131 Cal. 210 [63 P. 344].''

The respondent cites *Feather River etc. Co.* v. *Paradise Irrigation District,* 3 Cal.2d 733 [46 P.2d 147], which was a suit to quiet title. That, in itself, is sufficient to distinguish it. (See *Caldwell* v. *Regents,* 23 Cal.App. 29, 35 [136 P. 731].) Furthermore, the district had filed a cross action against the Feather River Co. and summons therein was served on the Feather River Co. before the latter served the district, which probably led to the belated service in the original suit. Moreover, the district in its affidavit showed that the plaintiff had purposely delayed service. The court pointed out that admittedly *whatever interest the plaintiff might have in the property could be fully protected in the cross action filed by the defendant.* Obviously then, no harm could result to the plaintiff by the dismissal.

*Bryson* v. *Harryman,* 118 Cal.App. 588 [5 P.2d 665], cited by respondent, was another quiet title suit. The delay in service was 17 months, and summons was not served on any of the defendants until 12 days after notice of motion to dismiss had been given. In affirming the judgment of dismissal the court showed that in *Ferris* v. *Wood* it was "pointed out *that the indebtedness which the plaintiff was attempting to collect in that case was fully admitted, that no defense to the claim of the plaintiff had been suggested,* and that a good and valid reason for delaying the service of the summons appeared." (Emphasis ours.) In the Bryson case, on the other hand, a meritorius defense was claimed by the defendant, who held the legal title to the property, and the action was a cloud upon the defendant's title.

Quiet title suits are not to be compared with an action such as this. See, for illustration, *Bernard* v. *Parmelee,* 6 Cal.App. 537 [92 P. 658], where a dismissal for a delay of only a little over four months in the service of summons was upheld because of the character of that litigation. The court there said that that comparatively short delay "must have, under the peculiar circumstances of the record, resulted in greater hardship to the defendants than might be entailed upon the delay of the ordinary case for a year or more." See, also, *First National Bank* v. *Nason,* 115 Cal. 626, 628 [47 P. 595].

The respondent cites *Witter* v. *Phelps,* 163 Cal. 655 [126 P. 593]. That case is only one of many holding that a trial court has discretion to dismiss for a delay less than the three years mentioned in Code of Civil Procedure, section 581a. Indeed, *Ferris* v. *Wood, supra,* so holds and is cited in the Witter

opinion. All the cases heretofore cited recognize this power in the court; the only question presented in any given case is as to the proper exercise of the power.

The present action is based upon the 1938 judgment which, in turn, was based upon the 1932 judgment in the personal injury action. Thirteen years have gone by since the first judgment, and the plaintiff is simply seeking herein to keep his judgment alive. The pending case was commenced a little less than a month before it would have become barred under section 336, Code of Civil Procedure. No statute of limitation, therefore, can be successfully pleaded. The only defense available would be payment, and that is nowhere suggested. Taking the defendants' showing on these motions as true, it still presents a case where apparently there is no defense to a claim which is susceptible of ready proof from the court's own records. We are satisfied, on the authorities herein cited, that the trial court erred in granting the motions.

The order appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.