GASTON MENIER, Plaintiff, *v.* JOHN A. DONALD ET AL., Defendants.

(Supreme Court, New York Special Term, February, 1917.)

Specific performance — when decreed by court of equity — pleading — contracts — actions.
Parties — who are necessary — pleading — contracts — corporations.

A court of equity may decree specific performance for a contract for the sale of a steamship, and, unless the complaint is wholly bare of allegations calling for the exercise of judicial discretion, a demurrer thereto on the ground that it fails to state facts sufficient to constitute a cause of action will not be sustained.

A contention that it would be inequitable and unconscionable to enforce the contract, which was made before the outbreak of the present war in Europe, should be considered on the trial of the action and not upon demurrer to the complaint.

Where the complaint alleges that the individual defendant is the president and dominant in the ownership and control of both the defendant corporations, directing and managing their affairs, but that the one which is the registered owner of the steamship holds title thereto for the benefit of the individual defendant and the other defendant, and there is an appropriate demand for a transfer of title and injunctive relief, the individual defendant is a proper if not a necessary party.

Where the complaint in no way indicates that the contract in suit was made by the individual defendant as agent for any one in particular, the undisclosed principal is not a necessary party defendant.

Action for the specific performance of a contract for the sale of a steamship. Demurrers to complaint.

Worcester, Williams & Saxe (John Godfrey Saxe, of counsel), for Gaston Menier, plaintiff.

Hunt, Hill & Betts (Leavitt J. Hunt, of counsel), for John A. Donald and others, defendants.

Ordway, J. Plaintiff brings this action for the specific performance of a contract for the sale of a steamship, and defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action, and also on the ground that there is a defect of parties defendant.

While it is true that equity does not ordinarily decree specific performance of contracts for the sale of personal property, it has undoubted jurisdiction to do so, and will do so in cases where the plaintiff's case is good, his right clear, and the remedy at law defective or its enforcement attended with doubt or difficulty. *Johnson* v. *Brook,* 93 N. Y. 337. In such cases the plaintiff's right to the relief demanded rests in the sound discretion of the court, upon all the evidence, and the court is not inclined to sustain a demurrer to such a complaint unless it is wholly bare of allegations calling for the exercise of sound discretion. *Standard Fashion Co.* v. *Siegel-Cooper Co.,* 157 N. Y. 60. In addition to this, there is authority, both in this country and in England, for the proposition that a ship is a special kind of personal property, which in itself may justify a court of equity in decreeing spe-

cific performance. *Lynn* v. *Chaters,* 2 Keen. 521; *Claringbould* v. *Curtis,* 21 L. J. Ch. (N. S.) 541; *Hart* v. *Herwig,* L. R. (8 Ch. Div.) 860; *Hurd* v. *Groch,* 51 Atl. Rep. 278 (N. J.); *Clark* v. *Flint,* 39 Mass. 231; 36 Cyc. 558. But even if this were not so, I think the allegations of the complaint as to the special and peculiar value of this ship to the plaintiff and the difficulty of replacing it or determining its value and his damages under present conditions are amply sufficient to sustain the complaint against demurrer.

The defendants argue that it is inequitable and unconscionable to enforce now, under present conditions, a contract of sale made under different conditions before the outbreak of the war, but if any weight should be given to this as an excuse for not performing a valid contract, it seems to me that it should be considered on the trial of the case and not here on demurrer.

The defendant Donald argues that in any event no good cause of action is shown against him, but the complaint alleges not only that he is the president and dominant in the ownership and control of the two defendant corporations, directing and managing their affairs, but also that the Canadian defendant corporation, which is the registered owner of the ship, holds title thereto for the benefit of said Donald and the New York defendant corporation. In view of these allegations and of the appropriate demand for a transfer of title and injunctive relief, I think that Donald is a proper, if not a necessary, party defendant. *Townsend* v. *Bogert,* 126 N. Y. 370.

It does not seem to me that the Donald Steamship Company (the Bristol Company) is a necessary party defendant. The only facts in regard to it appearing on this record are that in September, 1912, the other defendants caused the ship to be registered in its name, and that between September, 1915, and February, 1916,

it transferred said ship to the Canadian defendant corporation, which has since been and is now the registered owner thereof. In other words, the Bristol Company is not shown to have had anything to do with the ship until eight months after the contract in suit, and ceased to have anything to do with it some months before this suit was brought. There is nothing in the complaint to indicate that the contract in suit was made by the New York corporation as agent of any one in particular; it is described in the contract as agent for the owners; if it had any principal at that time, it was an undisclosed principal; it is not shown that the plaintiff knew of the identity of such principal, if any; under well-settled principles the plaintiff may sue the agent, and it is not necessary for him to join the undisclosed principal. *Meyer* v. *Redmond,* 205 N. Y. 478.

Demurrers overruled, with costs, and with leave to answer on payment of costs.