FANNIE GLICK, Respondent, *v.* PHILIP BEER, Appellant.

First Department, March 27, 1942.

*Leo E. Falkin* of counsel [*William Seligson*, attorney], for the appellant.

*Ralph H. Wiener* of counsel [*Newgass & Nayfack*, attorneys], for the respondent.

TOWNLEY, J.   The complaint demands the specific performance of an agreement to sell certain Bulgarian tobacco.   The justification in the complaint for the relief of specific performance is:

" *Third.*   Upon information and belief, that the aforementioned Bulgarian tobacco which defendant agreed to sell to plaintiff, was imported by the defendant into the United States from Bulgaria, and that said Bulgarian tobacco is a distinctive type of tobacco and is of unique quality and character, and, on account of the war, it is impossible for plaintiff to obtain said Bulgarian tobacco elsewhere."

Section 149 of the Personal Property Law (section 68 of the Uniform Sales Act) provides that in cases of breach of contract to deliver specific or ascertained goods " a court having the powers of a court of equity may, if it thinks fit, on the application of the buyer, by its judgment or decree direct that the contract shall be performed specifically, without giving the seller the option of retaining the goods on payment of damages."

This presents a codification of the common law.   In *Butler* v. *Wright* (186 N. Y. 259, 261) it was said: " The rule is that, as to contracts pertaining to personal property, a party should be confined to his action for damages, unless it appears that he is entitled to the thing contracted for in specie, which to him has some special value and which he cannot readily obtain in the market, or in cases where it is apparent that compensation in damages would not furnish a complete and adequate remedy.   But in each case the question as to whether a court of equity will take jurisdiction and grant the relief asked for rests in the sound discretion of the court and it cannot be demanded as a matter of right."

In the amended complaint in this action it is pleaded that certain specific numbered bales in a named warehouse on Staten Island, N. Y., were involved in this executory contract of sale.   It is clear that in view of the statute, the remedy to be applied rests in the sound discretion of the court after a full presentation of the facts.   It seems to be contemplated by the statute that if the remedy of specific performance is not appropriate in a given case, the court trying the case may award such other relief as is proper in the premises.   In exercising the court's discretion due regard must be had to the spirit of the decided cases relating to specific performance for breach of contract of sales.   Wherever on the facts a money judgment will substantially compensate, there

should be no specific performance. The remedy has been applied in relation to heirlooms, works of art, patents and inventions, particular shares of stock which possessed peculiar investment features and similar cases. (*Onondaga Nation* v. *Thacher*, 29 Misc. 428; *Lang* v. *Thacher*, 48 App. Div. 313; *Spears* v. *Willis*, 151 N. Y. 443; *Menier* v. *Donald*, 98 Misc. 684; *Waddle* v. *Cabana*, 220 N. Y. 18; *Scruggs* v. *Cotterill*, 67 App. Div. 583; *Bloomingdale* v. *Bloomingdale*, 107 Misc. 646.)

While on the complaint it seems doubtful whether this case has the elements which would justify a judgment for specific performance, we think that the peculiar circumstances require a full trial to determine whether adequate money damages can be awarded.

The order should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; O'MALLEY, J., taking no part.

Order unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order, on payment of said costs.