[Civ. No. 3542.   Fourth Dist.   Mar. 4, 1947.]

LLOYD ANDERSON et al., Appellants, v. DALE
PERMINTER et al., Respondents.

Calvin H. Conron, Jr., for Appellants.

West & Vizzard for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of defendants in an action to enforce specific performance of an oral contract for the sale, for $8,000, of a stock of groceries, store fixtures and furnishings, and the assignment of defendant Perminter's interest in a lease on the store premises which had more than one year to run. Plaintiffs paid defendants $50 on account of the purchase price at the time of making the oral agreement.

Plaintiffs filed a complaint, an amended complaint and a second amended complaint.

The second amended complaint attempted to state three causes of action. The first was for specific performance of the oral contract, without any allegations which would support a judgment for damages in the event specific performance should be denied. The second attempted to state a cause of action for damages but contained no proper allegation of the damages suffered by plaintiffs. (See Civ. Code, § 1787.) The third attempted to state a cause of action for declaratory relief but failed to contain allegations of a sufficient controversy be-

tween plaintiffs and A. V. Gill against whom this cause of action was directed to permit the intervention of a court of equity.

On January 23, 1945, a demurrer to the first cause of action was overruled, was sustained to the second cause of action with ten days given plaintiffs to amend, and was sustained to the third cause of action without leave to amend. These rulings were proper and are sustained by the record at least as to the second and third causes of action. Plaintiffs failed to amend.

The cause went to trial on January 7, 1946. At the outset counsel for plaintiffs asked permission to amend the complaint by alleging general damages in the sum of $3,500 resulting from the failure and refusal of Perminter to perform his contract. On the objection of defendants this request was denied and the ruling is now urged as error.

The general rule is well established that under the circumstances here disclosed amendment of a pleading at the commencement of a trial is not a mattter of right but is within the discretion of the trial court; that the order refusing such right can only be reversed when the record shows an abuse of such discretion. (*Manha* v. *Union Fertilizer Co.*, 151 Cal. 581 [91 P. 393].) Here the case had been at issue for nearly a year before leave to amend the complaint was asked. As was said in *Johnson* v. *Johnson*, 134 Cal.App. 460 [25 P.2d 538]:

"The issues were framed nearly twelve months prior to the date of trial and no motion was made during that time to amend the answer, and for that reason also the refusal of the trial court to grant leave to amend during the trial cannot be said to be an abuse of discretion. (*Reay* v. *Reay*, 97 Cal. App. 264 [275 P. 533]; *Hagar* v. *Home Stores, Inc.*, 85 Cal. App. 533 [259 P. 1007].)"

The facts are not in serious dispute. Defendants were lessees of a building in the city of Wasco, in Kern County, in which they conducted separate businesses, Gill a meat market, and Perminter a grocery store. The oral agreement to sell the grocery business to plaintiffs was made on August 13, 1944. According to plaintiffs the purchase price was $8,000, subject to the guaranty of Perminter that the stock in trade would inventory $5,500, and, if it did not inventory that amount, the purchase price would be reduced accord-

ingly. At that time plaintiffs paid and Perminter accepted $50 on account of the selling price.

On August 21, 1944, plaintiffs tendered Perminter a certified check for $7,950 with a written demand that he complete the sale. This demand contained the condition that the stock of groceries be "of substantially the same character and quantity of that existing on the premises as of August 13, 1944, but in no event of lesser value than $5,500, measured at present wholesale prices."

Perminter refused to go through with the sale, offered to return the $50, and, as one witness intimated, offered to pay plaintiffs $500. The reason for the refusal to perform was that Gill objected to the sale although the lease contained no provision against either lessee assigning his interest under it.

In 1931, the Legislature passed section 1788 of the Civil Code, which was taken from the Uniform Sales Act. It provides as follows:

"Where the seller has broken a contract to deliver specific or ascertained goods, a court having the powers of a court of equity may, if it thinks fit, on the application of the buyer, by its judgment or decree direct that the contract shall be performed specifically, without giving the seller the option of retaining the goods on payment of damages. The judgment or decree may be unconditional, or upon such terms and conditions as to damages, payment of the price and otherwise, as to the court may seem just."

Defendants urged as a defense and the trial court found that there was nothing to show the detailed items of the stock on August 13, 1944. It was also found that it was impossible to determine the itemized inventory or contents of the stock in trade which had changed since August 13, 1944, so that specific performance could not be enforced.

We cannot conclude that the fact that the stock in trade had changed after August 13, 1944, and other similar articles of the same or other brands had replaced some of the original stock, furnishes a valid reason for refusing specific performance. (See *Eastern Rolling Mill Co.* v. *Michlovitz*, 157 Md. 51 [145 A. 378] ; *Glick* v. *Beer*, 263 App.Div. 599 [33 N.Y.S.2d 833].) The contract provided for a sale of the stock in trade in bulk and the parties were more interested in total values than in brands and the specific items

composing the stock. In fact both plaintiffs testified they were willing to waive any objections based on changes in the stock and would pay an additional sum if the inventory showed that the stock in trade had a value of more than $5,500, or if any fixtures or furnishings had been added since August 13, 1944. Also, section 1725 of the Civil Code provides that the subject of a contract of sale may be either existing goods, or goods to be acquired by the seller after making the contract of sale. There is nothing to indicate that the parties expected Perminter to close his store and make no sales after August 13, 1944, so they must have contemplated some change in the stock before the sale could have been consummated.

Subdivision 6 of section 3390 of the Civil Code contains the provision that a contract may not be specifically enforced, "the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable."

██ It is generally held that the price to be paid for personal property is an element of the contract which must be certain and clearly ascertained before specific performance can be decreed. In speaking of an uncertainty as to the consideration to be paid in *Gatley* v. *Shockley,* 215 Cal. 604 [12 P.2d 436], it was said:

"It is elementary that equity requires as a condition of specific performance a clear mutual understanding and a positive assent on both sides as to the terms of the contract, and it will withhold the exercise of jurisdiction in that respect unless there is such a degree of certainty as will enable it to do complete equity. The contract must not only contain all the material terms, but the terms must, in the language of the code, be 'sufficiently certain to make the precise act which is to be done clearly ascertainable.' (Civ. Code, sec. 3390; 23 Cal. Jur. 429, sec. 11.) Here the contract fails entirely to provide for one of the most essential terms." (See, also, *Buckmaster* v. *Bertram,* 186 Cal. 673 [200 P. 610] ; *Reymond* v. *Laboudigue,* 148 Cal. 691 [84 P. 189] ; *Rittigstein* v. *Dignan,* 122 Cal.App. 357 [9 P.2d 856].)

In the instant case neither the contract nor the evidence fixed the price to be paid for the stock of goods so that the court could have decreed specific performance on the part of Perminter upon the payment of a certain sum of money to him.

Mr. Aistrup testified as follows: "Q. And what was said

about the value of the inventory, if anything? A. It would be $5500. Q. In other words, if it didn't inventory $5500, you would not take it? A. That was not the understanding. It was the understanding that the inventory would be $5500, or it would be reduced accordingly. Q. If it ran under $5500 the price would be reduced accordingly? A. Yes." The testimony of Mr. Anderson was to the same effect and this evidence was not contradicted.

Aistrup also testified: "Q. And that inventory was never taken? A. No sir. Q. And you didn't know what the stock in trade amounted to at that time? (August 13, 1944) A. I have no idea."

Perminter testified that his inventory of his stock on January 1, 1945, was $8,300, which was the wholesale price plus an average mark up of 21 per cent to indicate the retail value and that the inventory on January 1, 1946, was between $6,000 and $6,500 with the same mark up over wholesale prices to represent the retail price. ■ As no inventory was taken, and as no witness gave the value of the stock of goods, the price to be paid by plaintiffs was not ascertainable.

■ The oral contract detailed by plaintiffs merely referred to an inventory to be taken of the stock of goods without specifying whether the inventory should be based on wholesale or retail prices. The written demand to perform, served by plaintiffs, required an inventory value of $5,500, measured at present wholesale prices, while the inventories taken by Perminter were based on retail prices. Thus there is another uncertainty in the contract which prevented the trial court from determining the precise amount to be paid had it been inclined to enforce the contract.

It might be argued that the conclusion we have reached permitted Perminter to take advantage of his own wrong in failing to take any inventory so that the purchase price to be paid would have been certain and could have been ascertained. Under the facts of this case the answer is found in the variance between the terms of the offer of performance made by plaintiffs and the terms of the contract detailed in the evidence. ■ The offer required Perminter to deliver to them a stock of goods "in no event of lesser value than $5500.00 measured at present wholesale prices" while their contract provided that they pay $8,000, or such smaller sum as the inventory showed the stock to be of less value than $5,500.

Thus plaintiffs did not offer to perform the contract they testified they had made. While they testified that they would pay more than $8,000 if the inventory showed a greater value of the stock than $5,500, or for added fixtures or furnishings, they did not offer to complete the transaction if the stock in trade had a less value than $5,500. Thus it appears that they did not offer to perform the exact contract which they testified they had made, so they should not be permitted to enforce that contract on other terms and at a different price. If the inventory had shown the stock of goods to be of less value than $5,500, Perminter, under the offer, would have had to go into the market and purchase sufficient goods to bring the value up to that amount in order to conform to the terms of the offer as made. There is nothing in the contract requiring him to do this.

If it be assumed that under the prayer for general relief, and under the provisions of section 1788 of the Civil Code, the court might have awarded damages in lieu of specific performance, still there is nothing in the record to form a basis for any such award. ■ There is nothing to indicate the "market or current price of goods" in August, 1944, and the selling price to be paid by plaintiffs is not precisely fixed so there was no adequate measure of damages furnished to the trial court. (Civ. Code, § 1787.) Plaintiffs neither produced nor offered any evidence that they had suffered any damage from the breach of the contract. Thus the trial court could award them none had he desired to do so.

As the contract was not sufficiently certain to be specifically enforced, as plaintiffs never offered to perform according to the exact terms of the contract they had made, and as there is no ascertainable measure of the damages resulting from the breach of the contract, the judgment cannot be disturbed and we need not consider the other questions argued by counsel.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.