[Civ. No. 15915.   First Dist., Div. Two.   Aug. 30, 1954.]

W. L. STANLEY, Appellant, v. GRACE AKIYE KAWA-
KAMI et al., Defendants; JOE S. PASCHOTE, Re-
spondent.

Stewart Cureton and John H. Machado for Appellant.

Campbell, Custer, Warburton & Britton, Alfred B. Britton,
Jr., and W. R. Dunn for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment on the
pleadings entered in favor of respondent Paschote.   The
action arises out of a collision involving several automobiles

which is alleged to have occurred on January 7, 1951. The complaint was filed on March 12, 1951, and respondent was served as Doe One, a fictitious defendant, on April 7, 1951. Respondent filed an answer which consisted of denials and separate affirmative defenses of plaintiff's negligence proximately contributing to his damage, assumption of risk and unavoidable accident.

The case was set for trial on April 17, 1953, and at the outset of the trial respondent moved for judgment on the pleadings on the ground that the complaint did not state a cause of action against him. Appellant countered with a motion to amend his complaint on its face to allege: "That on or about the 7th day of January, 1951 . . . Joe Paschote was operating an automobile, and . . . did . . . negligently, carelessly and unlawfully drive said automobile, and the same collided with plaintiff's automobile . . ." The court denied the motion to amend and granted the motion for judgment on the pleadings.

The complaint sought both damages for personal injuries to plaintiff and property damage to his automobile. The complaint alleged as to Doe One and the other fictitious defendants that their "true names and capacities . . . are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and will ask leave of this court to amend this complaint to show their true names and capacities when they have been ascertained." There were adequate allegations in the complaint charging negligent conduct of the named defendants Kawakami and Falks, but no further allegation as to the fictitious defendants.

"The rule is established in California that where a defendant is designated by a fictitious name in an original complaint and no attempt is made therein to state any cause of action against such fictitious defendant, if . . . an attempt is made in an amended complaint to state a cause of action against such fictitious defendant, the statute of limitations is computed from the date of the alleged acts to the date of the filing of the amended complaint and not to the date of the filing of the original complaint." (*Kolodziejski* v. *Hover*, 124 Cal.App.2d 731, 732-733 [269 P.2d 163]; *Sullivan* v. *Wright*, 124 Cal.App.2d 836 [269 P.2d 671]; *Gates* v. *Wendling Nathan Co.*, 27 Cal.App.2d 307 [81 P.2d 173].) Under this rule any cause of action for personal injuries against respondent would appear to have been barred by the one-year statute long before appellant sought to amend his complaint.

■ Appellant argues that by filing an answer respondent in some manner tolled the statute of limitations, but nothing in respondent's answer raised the issue, which was not tendered by the complaint, of any actionable conduct on respondent's part. Absent an actionable issue, we cannot see how the mere filing of an answer could affect the running of the statute.

Appellant argues that the following allegation, several times repeated as to various items of alleged damage, charged Doe One with negligence: "As a direct and proximate result of defendants' negligence, carelessness and unlawful conduct, *as aforesaid* and by reason of the collision *so* negligently caused by defendants . . ." (Emphasis ours.) The emphasized words make it too clear for dispute that the pleader by this, and similar allegations, was referring to the specific allegations of negligence of the properly named defendants and was not thereby charging or attempting to charge any negligent conduct of Doe One.

The whole question of the running of the statute becomes unimportant, however, if as to the cause of action for property damage, where the three-year statute had admittedly not run, the court acted properly in denying the appellant's motion to amend. The court expressly denied the motion to amend on the ground: "You have had over two years in which to amend the complaint. There is no showing of any reason why that motion shouldn't have been made prior to the date of the trial . . ."

■ "It is a basic rule of pleading in this state that amendments shall be liberally allowed so that all issues material to the just and complete disposition of a cause may be expeditiously litigated, but 'the question whether the filing of an amended pleading should be allowed at the time of trial is ordinarily committed to the sound discretion of the trial court.'" (*Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 188-189 [272 P.2d 1]; *Moss Estate Co.* v. *Adler*, 41 Cal.2d 581 [261 P.2d 732]; *Anderson* v̇. *Perminter*, 78 Cal.App.2d 378 [177 P.2d 818]; *Johnson* v. *Johnson*, 134 Cal.App. 460 [25 P.2d 538].)

No valid reason for not amending the complaint sooner to state a cause of action against respondent was offered to the trial court and we can find no abuse of discretion in the trial court's action.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.