[Civ. No. 26429. Second Dist., Div. Four. Mar. 14, 1963.]

THE UNITED STATES NATIONAL BANK OF SAN DIEGO, Cross-complainant and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Cross-defendant and Respondent.

Howard H. Taylor for Cross-complainant and Appellant.

Samuel B. Stewart, Robert H. Fabian, W. H. Taylor, Jr., and Jerry G. South, for Cross-defendant and Respondent.

BISHOP, J. pro tem.*—Plaintiffs brought this action against The United States National Bank of San Diego, alleging that it had improperly paid a $6,000 check and charged it against plaintiffs' account. The defendant bank filed a cross-complaint in which it named the Bank of America National Trust and Savings Association as the only cross-defendant, praying for a judgment against that bank in the event a judgment should be entered against it (defendant-cross-plaintiff) on plaintiffs' cause of action. The cross-defendant attacked the cross-complaint by a general demurrer and also by a motion to strike, the latter based, on the ground that the pleading came too late and without leave of court. The lower court looked with favor upon both the motion and the demurrer and entered a judgment not only striking the cross-complaint, but also decreeing that the cross-plaintiff take nothing by reason of it. It is from this judgment that the cross-plaintiff has appealed. The conclusion that we have reached is that the cross-complaint was properly stricken, but that the judgment should not also be based upon the ruling upon the demurrer. We are modifying the judgment to bring it into harmony with our conclusion, and we are affirming it as modified.

The cross-complaint was not filed with the permission either of the code or of the court. On April 7, 1961, defendant National Bank filed its answer to the complaint, beginning with denials, admissions and averments—such as are usual in an answer—and then continuing with four affirmative defenses. A demurrer, directed only to these four affirmative defenses, was sustained on April 28. As to two of them the demurrer was sustained without leave to amend; as to the other two, leave to amend within 20 days was given. The minute entry indicates that notice was waived.

No amendment to the answer was filed within the 20 days, but an amended answer, again with four affirmative defenses, was filed July 13, to which a demurrer was filed. This was allowed to go off calendar and by stipulation a new amended answer was filed August 17. The cross-complaint was filed at the same time, but was not covered by any stipulation.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Section 442, Code of Civil Procedure, authorizes a defendant to file a cross-complaint, without court order, at the same time he files his answer. It may be filed later "by permission of the court." It was filed "later," in this case, 132 days later, and appellant's argument concedes that no permission was ever given. Appellant's contention is that it should have been given when, at the time of the hearing on the motion to strike the cross-complaint, a request was made, not on notice, for permission to file it. What happened to this request we are not told, but it is quite evident from the order striking the cross-complaint that it was not granted. Appellant's further argument that the cross-complaint was filed at the same time as the August 17 amended answer is directed more to its position that the late filing of the cross-complaint did not impede justice than in support of a contention that it results in making the filing timely. Section 442, Code of Civil Procedure, does not authorize the filing of a cross-complaint at the same time that an *amended* answer is filed.

For some time before the cross-complaint was filed the case had been at issue, for it will be remembered that no demurrer had been directed to the portion of the answer denying many of the complaint's allegations, and the sustaining of the demurrer did not disturb these denials. The trial court on its own motion had, on August 9, set the case down for pretrial conference on October 13. The cross-complaint was not filed either within the time allowed or by a court order, and it was not an abuse of the court's discretion not to ratify or permit its filing when, on October 24, the order was made striking it. (*People* v. *City of Los Angeles,* 179 Cal.App.2d 558, 567-568 [4 Cal.Rptr. 531].)

As far as this case is concerned, having come to the conclusion that the order striking the cross-complaint was properly made, we see no good purpose to be served by considering the further question that is raised by the appeal from the judgment, that is, whether the general demurrer to the cross-complaint has been sustained. The answer to that question is moot in this case for the cross-complaint is no more.

The judgment, however, rests in part on the ruling on the demurrer, for it states:

"The Court now finds:

"1. That the cross-complaint was not timely filed;

"2. That the cross-complaint was not filed by leave of court;

"3. That the cross-complaint has no merit;

"4. That the cross-complaint does not state facts sufficient to constitute a cause of action."

A judgment so based, and which declares that the cross-complainant shall take nothing by its cross-complaint, will serve as an adjudication that will preclude the cross-complainant should it later endeavor to recover on the facts that it alleges. (*Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal. 2d 321, 323 [282 P.2d 33].) We are told that the plaintiffs in the case before us have had judgment rendered in their favor. If the cross-complainant now wishes to test its cause of action against its cross-defendant it should not be foreclosed by a judgment holding that a cross-complaint that has ceased to be had no merit.

We are, therefore, modifying the judgment from which the cross-complainant appealed by striking its "findings" respecting the lack of merit and failure to state facts of the cross-complaint and its provision that the cross-complainant take nothing, and affirm it as so modified.

Burke, P. J., and Jefferson, J., concurred.