[Civ. No. 29044. Second Dist., Div. Four. Feb. 26, 1965.]

JOHN LANDIS, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; ALBERT
WAXENBERG et al., Real Parties in Interest.

Hindin, Sterling, McKittrick & Powsner and Richard D. McClain for Petitioner.

No appearance for Respondent.

Sandler & Rosen, Nelson Rosen and Charles L. Birke for Real Parties in Interest.

KINGSLEY, J.—This is a petition for a writ of mandate to compel the respondent superior court to grant leave to file an amended complaint. For reasons hereinafter set forth, we conclude that the writ should issue as prayed.

On March 23, 1962, petitioner filed a complaint in respondent court (proceeding No. WEC 1576 in the files of said court), seeking damages and declaratory relief. That complaint alleged that, on or about the last week of August 1961, the parties, who were the stockholders of three corporations, orally agreed that the defendants (the Real Parties in Interest here) would sell their stock in said corporations to the petitioner for $1,200,000, subject to the condition that he consummate a then tentative sale to third parties of all of the stock in said corporations on the terms that said stock would be transferred to the third parties on August 31, 1961, with payment by the third parties as follows: $100,000 down payment already received by petitioner and instalments of $1,200,000 each on August 31, 1961, and February 2, 1962; petitioner, having paid defendants one-half of the down payment ($50,000), to pay them one-half of each instalment on the dates stated; defendants to receive their stock back if third parties defaulted. It is further alleged that, on August

31, 1961, petitioner agreed to permit Albert Waxenberg to take the total instalment of $1,200,000 paid by the third parties for deposit in his bank account at Union Bank for a period of three days and Albert agreed to return petitioner's one-half at the end of three days.

As a first cause of action it is additionally alleged that defendants failed to pay back to petitioner his one-half ($600,000) after three days and that petitioner retained all of the final instalment to offset; that he was damaged by the withholding in the amount of $17,500 as interest at 7 per cent on $600,000 from September 4, 1961, to February 1, 1962.

As a second cause of action it is additionally alleged that it was also agreed that the parties would bear the federal income tax liabilities of the corporations through August 31, 1961, equally (allocation between defendants to be in proportion to their holdings); Albert estimated the tax would be $80,000; defendants agreed to pay petitioner $40,000 on August 31, 1961, and one-half of any excess tax thereafter; defendants paid $40,000; thereafter accountants determined the tax liability to be $135,860; petitioner paid the tax; defendants' total obligation was $67,930, leaving a balance due of $27,930; defendants have refused to pay; petitioner seeks $27,930 with interest at 7 per cent from February 15, 1962.

As a third cause of action it is additionally alleged that, pursuant to the agreement, petitioner agreed ''to use his best efforts to cause'' the buyers to employ Albert for a two-year term commencing February 1, 1962, at an annual salary of $35,000; a controversy has arisen; petitioner contends Albert breached the agreement and left the employment in October 1961, thereby preventing petitioner's performance. He seeks a declaration of rights and obligations under this provision.

On April 24, 1962, defendants filed their joint answer and a cross-complaint by Albert incorporated in one document. The answer denies all of the allegations of the complaint and sets forth as to counts one and two affirmative defenses: Civil Code section 1624 (statute of frauds); and failure to state a cause of action.

The portion of the pleading denominated ''cross-complaint'' alleges that the parties entered into a written agreement on June 21, 1961. The writing was incorporated by reference and sets forth an agreement covering the same subject matter as the agreement alleged in the complaint, but which provides: (1) the sale to third parties to be consummated by

September 30, 1961, and petitioner to pay defendants one-half of any advance payment made to him upon receipt by him and the balance at the time the sale was consummated as provided (one instalment on September 30, 1961, rather than two instalments ending February 2, 1962); (2) liability to be divided for taxes through August 31, 1960 (rather than 1961); and (3) petitioner to "cause" the buyers to employ Albert (rather than petitioner to "use his best efforts to cause" same). The cross-complaint further alleges, on information and belief, that the sale to third parties was consummated on October 1, 1961, and that petitioner has breached the employment provision. It seeks $70,000 damages.

A second amended cross-complaint by Albert was filed on October 5, 1962. This pleading alleges that, through mistake and inadvertence, the original cross-complaint alleged on information and belief that the sale to third parties was consummated on October 1, 1961, and should have alleged September 1, 1961. It further alleges that petitioner paid defendants the full price for their stock on August 31, 1961, and if the sale to third parties was not consummated by September 30, 1961, petitioner waived the condition in the written agreement that the agreement would not be effective if he had not consummated the sale by September 30, 1961. The other allegations therein state evidentiary details regarding the employment issue.

On November 1, 1962, petitioner filed his answer to the above mentioned amended cross-complaint. This answer sets forth, as a fifth affirmative defense, that the written contract had expired by its terms because the sale was not consummated until February 1, 1962. Otherwise, it appears to refer only to the employment issue.

On March 29, 1964, petitioner moved for leave to file an amended complaint. It alleges an oral agreement between the parties made between June 15, 1961, and June 21, 1961, among the terms of which it was agreed that the parties would share the taxes through August 31, 1961. As a second cause of action, it is further alleged that a written memorandum thereof was executed on June 21, 1961 (the agreement incorporated in the cross-complaint) and that, through a typographical error and mistake on the part of petitioner, it incorrectly stated the year 1960 instead of 1961 in respect to tax liability. As a third cause of action, it alleged that petitioner's agreement with the third parties was changed to provide that it be consummated in two equal instalments

payable on August 31, 1961, and February 1, 1962; an oral agreement was made the last week of August, 1961, between petitioner and defendants for payment to defendants in two instalments, one on August 31, 1961, for their one-half share less share of estimated taxes of $40,000, and the second, on February 1, 1962, for the balance, rather than all on August 31, 1961; on August 31, 1961, petitioner agreed to permit Albert to take the full amount paid by third parties on August 31, 1961, (less $40,000 for taxes) for a period of three days; Albert failed to return the sum of $600,000 as petitioner's share. As a fourth cause of action, it alleges that petitioner, under the agreements alleged in the first two causes of action (apparently the oral agreement between June 15 and June 21 and the written agreement of June 21), agreed to "use his best efforts to cause" the employment of Albert. Also alleged are other terms of the proposed employment provision; that controversy has arisen; that petitioner contends Albert breached. The prayer seeks damages for breach based on taxes and 7 per cent interest for defendants' failure to return $600,000 after three days, and declaratory relief in respect to the employment provision.

This pleading thus reflects that petitioner then relied: (1) on the written agreement *after reformation* to support his claim for taxes; (2) on the oral agreement of August 1961 alleged in his original complaint to support his claim that he was to pay defendants only part of the total sale price on August 31, 1961, and loaned the balance of the sum transferred; and (3) on both the oral and written agreements of June 1961 to support his claim as to the provision for employment.

A declaration in support of the motion for leave to file this proposed amendment, made by petitioner's counsel, declares that extensive depositions had been taken and that facts revealed therein disclosed contentions of defendants which were not fully understood by him prior to the depositions; that defendants will not be prejudiced; and that ample time before pretrial conference and trial remains to permit them to prepare their defense.

Defendants objected on the ground that the allegations of a prior oral agreement in June 1961, stated a new cause of action which was barred by the statute of limitations, and in any event, the further allegations of the second cause of action showed that it was merged in the written agreement of June 21, 1961. They also contended that the motion should

be denied for lack of diligence and prejudicial delay to them. They argued that extensive depositions had been taken, the amendment would require new discovery, causing inconvenience and expense, and no excuse for delay had been shown. The motion for leave to file was denied on April 17, 1964.

On September 25, 1964, petitioner again moved for leave to file an amended complaint. This proposed pleading (the one involved in this proceeding) alleges: (1) a claim for petitioner's share of taxes based on reformation of the written agreement of June 21, 1961, to conform to the prior oral agreement on the ground of mutual mistake in execution or mistake by petitioner with knowledge of defendants (first cause of action for reformation and second cause of action for damages); (2) a claim for damages for withholding of $600,000 from September 4, 1961, until February 1, 1962, based on the alleged oral agreement made the last week of August 1961, regarding payment and the alleged oral agreement made August 31, 1961, regarding a loan (third cause of action); and (3) a claim for declaratory relief based on the employment provision under all three agreements alleged in all prior counts (fourth cause of action).

It appears that there is no substantial change between the two proposed amended complaints. In support of the second motion, petitioner contended that, inasmuch as one objection by defendants to the earlier motion was that the oral agreement in June 1961 was barred by the statute of limitations, the new pleading obviated this objection by alleging, in a single cause of action, the integration of the oral agreement into the written agreement of June 21, 1961. His counsel's declaration in support thereof declared that the matter was not set for trial, no pretrial conference had been had or was yet set, and the amendment was necessary as a result of facts disclosed by the depositions. The opposition argued that this pleading contained the same allegations as the one which the court previously had denied leave to file, that it was a frivolous attempt to reverse the prior ruling, and that the prior motion had been resisted not only on legal grounds but because petitioner had waited two years after the filing of the cross-complaint (which incorporated the written agreement) to challenge the agreement. The second motion was denied on October 21, 1964. This proceeding followed.

The petition contends that the court abused its discretion, the case is not set for trial or pretrial, ample time remains to permit preparation of a defense, and defendants will not

be prejudiced. The opposition contends: (1) lack of diligence is sufficient to support denial; (2) reformation is barred by the statute of limitations; and (3) the proposed pleading contradicts admissions in his original complaint and answer.

 Code of Civil Procedure section 473 authorizes the court in its discretion to allow amendments to pleadings.

 It is generally stated that mandate cannot be used to correct an error by the court where it acts within its jurisdiction but that, where there is a clear abuse of discretion and no adequate remedy at law, the writ will lie. Mandate has issued in rare cases to compel a court to grant leave to file or amend a pleading. (*Nelson* v. *Superior Court* (1950) 97 Cal. App.2d 78, 80 [217 P.2d 119] (cross-complaint adding new party cross-defendant); *Marr* v. *Superior Court* (1939) 30 Cal.App.2d 275, 279 [86 P.2d 141] (amendment of answer to plead discharge in bankruptcy); *Saari* v. *Superior Court* (1960) 178 Cal.App.2d 175, 180 [2 Cal.Rptr. 856] (amended complaint to allege accident due to wilful and wanton misconduct of driver as well as negligence previously pleaded); *Daum* v. *Superior Court* (1964) 228 Cal.App.2d 283 [39 Cal.Rptr. 443] (amended complaint on contract to allege anticipatory breach and excuse of conditions).) The last cited case (p. 286) sets out the general propositions that apply: courts should indulge in great liberality in permitting amendment so that no litigant shall be deprived of his day in court because of technicalities; that the right to amend should be denied if a change is made in the liability sought to be enforced or it appears to a certainty that no basic right exists or no relief can possibly be granted; that if the facts shown in the complaint indicate that a plaintiff is entitled to damages of some sort, it is not a fatal error that his original pleading is based on an incorrect theory and amendment should be permitted.

The cases reflect that denial of amendments of pleadings have been upheld in the past on two possible bases: the subject matter of the proposed pleading, or the conduct of the parties. If the subject matter raises a disfavored plea, is insufficient to state a cause of action or defense, contradicts an admission in the original pleading without a showing of mistake or excuse, or changes the cause of action, denial is upheld. (See 2 Witkin, Cal. Procedure (1954) pp. 1607-1608.) If the conduct of the party shows long unexplained and unexcused delay, and particularly where it is indicative of bad faith or the delay would necessitate continuance, denial

has been upheld. (See cases cited in Witkin, pp. 1608-1609.) However, reversals on appeal are common where the court denies leave to amend and the appellant makes a reasonable showing of prejudice from the ruling. (P. 1606.)

■ In respect to the subject matter here presented, it appears the allegations are sufficient to establish grounds for reformation of the written agreement of June 21, 1961. They show: The real agreement; the agreement reduced to writing; the mistake, i.e., the defect in the writing and generally how it came about. (See 2 Witkin (1954) Cal. Procedure, pp. 1400-1401, and cases cited therein.) ■ While sometimes referred to as a ''cause of action,'' reformation is merely one of several remedies for a single wrong. ■ Where a cause of action is based on failure to perform the intended agreement, the plaintiff may seek reformation and, in addition, damages for breach, specific performance, etc. (See e.g., *Mahony* v. *Standard Gas Engine Co.* (1921) 187 Cal. 399 [202 P. 146] [reformation of contract to show failure of consideration as ground for rescission].)

In *Baird* v. *Madsen* (1943) 57 Cal.App.2d 465, 470 [134 P.2d 885], plaintiff sued to recover real estate commissions under a sales agency agreement. The evidence showed services after expiration of the agreement. He sought leave to amend *to conform to proof* to base his claim on a subsequent agreement. Held, the court did not abuse its discretion in denying leave to amend, because the amended complaint set up a new cause of action which would have required reopening the case to allow defenses on the new issue.

Citing the case of *Austin* v. *Massachusetts Bonding & Ins. Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681], Witkin states (Cal. Procedure, 1963 Supp. pp. 465-466): ''The fact that amendment actually changes the cause of action is no longer a ground for routine rejection'' [of amendment]. In that case, the original complaint alleged liability of defendants as principals on a bond. Over two years later, an amended complaint substituted Massachusetts Bonding in place of a fictitious defendant, and alleged its liability as a surety. A demurrer of Massachusetts Bonding on ground that the statute of limitations barred the action was sustained without leave to amend. The judgment was reversed on appeal. The court said amendment is to be allowed and will relate back to overcome the bar of the statute if recovery is sought ''on the same general set of facts.'' It appears from the pleadings in the present case that there was one insev-

erable transaction effecting the purchase and sale of the corporate stock. The operative facts which give rise to a basic cause of action or defense often consist of a number of interrelated acts. For purposes of amendment, the *Austin* case, *supra,* holds that the term "cause of action" includes any claim based on the same "general" set of facts. The *Baird* v. *Madsen* case, *supra,* 57 Cal.App.2d 465, seems easily distinguishable from the present case.

Defendants also contend that, by the proposed pleading, petitioner contradicts facts alleged in the original complaint and seeks to withdraw an admission of the "valid" execution of the written agreement. It appears that in the proposed pleading petitioner relies only on the written agreement as reformed to support his claim for taxes, rather than on the alleged subsequent oral agreement. In this respect the pleading withdraws the allegations of the oral agreements; however, what plaintiff is actually doing is alleging a different legal effect for the same gross combination of equivocal events.

Petitioner apparently relies on all of the alleged agreements in respect to the employment provision. Admission of execution of the written agreement is consistent with new matter alleging grounds for reformation. The proposed pleading also adds facts which show that the $40,000 (alleged in the complaint as paid by defendants) was, in fact, deducted from the $1,200,000 instalment received from the buyers on August 31, 1961, before transfer of the funds by petitioner to defendants. These additional facts are explanatory and not actually contradictory. The cases cited by the opposition show clear contradictions of material allegations, usually sought to be pleaded at the last moment, as well as failure to state a cause of action in the original complaint or a defense in original answer.

It is our conclusion that the amended complaint does not raise a disfavored plea, is sufficient to state a cause of action for reformation and breach, does not contradict a material admission in the original pleading and does not change the basic cause of action.

In respect to the conduct of the parties, there is apparently no dispute that answer was filed April 24, 1962, that, in November 1962, a memorandum to set was filed indicating the case was at issue, and that no pretrial or trial setting has been made. Volume 2 Witkin, California Procedure (1954) page 1608, states: "The cases [denying leave to amend] do not always make it clear whether they rest upon (1) the

subjective element of lack of diligence in discovering the facts or in offering the amendment after knowledge of them, or (2) the effect of the delay on the adverse party. But in most cases both factors are involved." It also appears that most of the cases deal with amendments presented at a late stage of the proceedings, usually just before trial. (See e.g., *Moss Estate Co.* v. *Adler* (1953) 41 Cal.2d 581, 585 [261 P.2d 732] [two months after notice of trial and on eve thereof].) We have been unable to find any case in which denial was upheld where the sole basis on which the court relied was lack of diligence at a stage in the proceeding where pretrial or trial had not been set. In light of current pretrial practices, it seems unreasonable to deny a party the right to amend where the only apparent hardship to the defendants is that they will have to defend.

The effect of the proposed amendment, if allowed, will be to permit the parties to litigate fully the issues as to the nature, extent and effect of the series of transactions between them in the summer of 1961. In essence these have always been the "general state of facts" involved in the litigation from its inception. The proposed amendment does no more than to sharpen the issues and, thus, make the task of the trial court simpler. Under the authorities above cited, it should be permitted.

Let a peremptory writ of mandate issue, directing the respondent court to grant leave to petitioner to file, in proceeding numbered WEC 1576 in the files of said court, the proposed amended complaint tendered by him in connection with his motion for such leave made on September 25, 1964.

Files, P. J., and Frampton, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.